MARYLAND CASUALTY COMPANY, Plaintiff-Appellant,†

v.

Mark SEIDENSPINNER, Defendant-Respondent.

Court of Appeals

*No. 93–0438. Submitted on briefs December 1, 1993.—Decided January 26, 1994.*

(Also reported in 512 N.W.2d 186.)

†Petition to review denied.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Raymond J. Pollen* and *Mary*

*E. Nelson* of *Riordan, Crivello, Carlson, Mentkowski & Steeves, S.C.* of Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Mark J. Leuck* of *Schoone, Fortune & Leuck, S.C.* of Racine.

Before Brown, Nettesheim and Snyder, JJ.

BROWN, J.    We hold that Wisconsin law permits insurance *coverage* issues to be arbitrated, should the contract so provide. We further determine that the automobile insurance policy in this case allows an arbitrator to decide the application of a "drive other car" exclusion. We therefore affirm the trial court's order for arbitration.

The facts of this case are as follows. Mark Seidenspinner struck a median strip while driving his motorcycle. He fell off, landed in the roadway and sustained injuries when he was struck by a car driven by another motorist. Seidenspinner's motorcycle was not insured. He collected the $50,000 policy limits from the other motorist's insurer, but allegedly sustained injuries greater than these policy limits.

Seidenspinner made a claim for underinsured motorist benefits under a Maryland Casualty Company policy issued to his wife. The policy contained the following arbitration provision in the underinsured motorist coverage endorsement: "If we and an insured[1] do not agree: 1. Whether that person is legally entitled to recover damages under this Part; or 2. As to the amount of damages; either party may make a written demand for arbitration."

---

[1] Under the policy, "insured" includes any family member.

Maryland Casualty relied on a "drive other car" exclusion[2] in the policy to deny coverage for Seidenspinner's claim and commenced a declaratory judgment action seeking a declaration that the policy does not provide coverage to Seidenspinner. Seidenspinner petitioned the trial court for an order requiring arbitration pursuant to § 788.03, STATS., and for a stay of the litigation pursuant to § 788.02, STATS.[3] The trial court determined that the issues in the case were referable to arbitration and therefore ordered arbitration and a stay of the litigation. We granted Maryland Casualty's petition for leave to appeal the nonfinal order after concluding that the appeal will clarify an issue of general importance in the administration of justice. Section 808.03(2)(c), STATS.

First we address Maryland Casualty's contention that this dispute involves a coverage issue and, as such, must be decided by a trial court, not an arbitrator. Whether a dispute is arbitrable presents a question of law which we review de novo. *See Joint Sch. Dist. No. 10 v. Jefferson Educ. Ass'n*, 78 Wis. 2d 94, 101, 253 N.W.2d 536, 540 (1977).

---

[2] The "drive other car" exclusion provided in pertinent part:

We do not provide Underinsured Motorists Coverage for "bodily injury" sustained by any person:

1.  While "occupying," or when struck by, any motor vehicle owned by you or any "family member" which is not insured for this coverage under this policy.

[3] Section 788.03, STATS., provides that a party aggrieved by an alleged failure of another party to an arbitration agreement may petition the court for an order directing arbitration. Under § 788.02, STATS., where there is an issue referable to arbitration under an agreement, a party may petition the court for a stay of the litigation of the issue.

Maryland Casualty asks us to adopt the position that insurance coverage is not a proper matter for arbitration. There is no Wisconsin authority on point; Maryland Casualty cites several foreign jurisdictions. Our independent research of these jurisdictions reveals little uniformity on the issue. Courts determine arbitrability of coverage issues based on various factors, including: common law arbitration policy in the particular jurisdiction, *see, e.g., State Farm Fire & Casualty Co. v. Glass*, 421 So.2d 759, 760 (Fla. Dist. Ct. App. 1982); the significance the court attaches to the wording of the particular arbitration clause, *see, e.g., Citizens Ins. Co. v. Burkes*, 381 N.E.2d 963, 968 (Ohio Ct. App. 1978); and the wording of the particular arbitration statute, *see, e.g., State Farm Fire & Casualty Co. v. Yapejian*, 605 N.E.2d 539, 542-43 (Ill. 1992). For instance, in Minnesota, "[i]f it is 'reasonably debatable' whether the scope of the arbitration clause includes a coverage dispute," the coverage dispute should initially go to arbitration. *Myers v. State Farm Mut. Auto. Ins. Co.*, 336 N.W.2d 288, 290 (Minn. 1983). Conversely, in Rhode Island, "[a]bsent a specific submission of a coverage issue to arbitration, the question of coverage is one reserved exclusively for a court." *Balian v. Allstate Ins. Co.*, 610 A.2d 546, 549 (R.I. 1992).

We need not look to these other states for guidance, however, since Wisconsin law is instructive enough. The policy of this state is to promote arbitration as a viable and valuable form of alternative dispute resolution. *Manu-Tronics, Inc. v. Effective Management Sys., Inc.*, 163 Wis. 2d 304, 311, 471 N.W.2d 263, 266 (Ct. App. 1991). Wisconsin recognizes the right to bargain for the judgment of an arbitrator, whether that judgment is one of fact or law. *See Nicolet*

*High Sch. Dist. v. Nicolet Educ. Ass'n,* 118 Wis. 2d 707, 713, 348 N.W.2d 175, 178 (1984). The power of an arbitrator to decide a dispute is derived solely from contract and thereby limited by the contractual terms. *Id.* at 713-14, 348 N.W.2d at 178. Thus, we conclude that, under Wisconsin law, coverage issues can be arbitrated if the contractual terms so provide.

There are four situations where the court will not enforce the contractual terms and will enjoin arbitration: "(1) [w]here fraud or duress renders the agreement voidable; (2) where there is no *bona fide* dispute; (3) where the performance which is the subject of the demand for arbitration is prohibited by statute; and (4) where a condition precedent to arbitration has not been fulfilled." *City of Madison v. Frank Lloyd Wright Found.,* 20 Wis. 2d 361, 391, 122 N.W.2d 409, 424 (1963). Maryland Casualty apparently argues that the fourth situation exists here—that determination of coverage is a condition precedent to arbitration. However, under Wisconsin law, this assertion is only true if the terms of the Maryland Casualty arbitration clause provide that coverage issues are a condition precedent to arbitration.[4] *See Nicolet High Sch.,* 118 Wis. 2d at 713-14, 348 N.W.2d at 178.

█

Thus, the contractual terms determine whether an arbitrator has power to decide this dispute. When no extrinsic evidence is introduced to interpret the wording of the insurance contract, as here, the

---

[4] Seidenspinner points out that this is not a case where there is a claim that either "[t]he policy was not in effect on the accident date; . . . [t]he claimant was not an insured under the policy; . . . [t]he policy had lapsed; or . . . [t]here was no underinsured motorist endorsement in the policy." We note that our decision today does not address any of these circumstances.

interpretation presents an issue of law which we review de novo. *See Employers Health Ins. v. General Casualty Co.*, 161 Wis. 2d 937, 945-46, 469 N.W.2d 172, 175 (1991).

Maryland Casualty contends that our supreme court in *Radlein v. Industrial Fire & Casualty Ins. Co.*, 117 Wis. 2d 605, 345 N.W.2d 874 (1984), interpreted the words "legally entitled" and that *Radlein* therefore governs our interpretation of these words. In *Radlein*, our supreme court construed the words, "legally entitled to recover damages from owners or operators of uninsured motor vehicles," found in our uninsured motorist statute, § 632.32(4)(a), STATS. The *Radlein* court held that "[a]n insured is legally entitled to recover damages from an uninsured motorist only after sustaining the burden of proving (1) causal negligence on the part of the uninsured motorist, and (2) damages." *Radlein*, 117 Wis. 2d at 621-22, 345 N.W.2d at 883. Thus, under *Radlein*, the words "legally entitled" in § 632.32 pertain to the determination of motorist liability and damages.

This case, however, does not involve § 632.32, STATS. We read Maryland Casualty's contention as an implicit argument that the *Radlein* definition of "legally entitled" is a term of art meaning the same thing in all insurance cases. We reject that contention. One case construing the words "legally entitled" from a statute does not make those words a term of art to be applied the same way in all insurance cases. *Cf. American Motors Corp. v. WERB*, 32 Wis. 2d 237, 248, 145 N.W.2d 137, 142 (1966) (quoting *Algoma Plywood & Veneer Co. v. WERB*, 336 U.S. 301, 305 (1949), which states that "unfair labor practice" is not a term of art

957

having an independent significance transcending its statutory definition).

Instead, we turn to the rules of contract interpretation to interpret the wording "[i]f we . . . do not agree . . . [w]hether that person is legally entitled to recover damages under this part." The language of the policy should be given the common and ordinary meaning it would have in the mind of a lay person. *Employers Health Ins.*, 161 Wis. 2d at 946, 469 N.W.2d at 175. Here, a lay person could reasonably construe these words, contained within the underinsurance part of the policy, to mean—"if we do not agree whether that person can recover under the underinsured motorist benefits of the policy." Thus, whether a person can recover under "this part" would depend not only on the ascertainment of damages or liability of the underinsured motorist, but also upon whether there is coverage under the policy or whether an exclusion applies. Under this interpretation, if an exclusion applies, "that person" is not "legally entitled to recover damages under this part."

If Maryland Casualty had wanted to arbitrate only issues about the causal negligence of underinsured motorists and damages, it could have so specifically provided in its insurance contract. We affirm.

*By the Court.*—Order affirmed.