**Suzanne MARX and Kathleen Marx, Plaintiffs–Appellants,**

v.

**M & I BANK OF WATERTOWN, Defendant–Appellee.**

No. 93–1800.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 30, 1993.

Decided March 1, 1994.

T. Christopher Kelly, Madison, WI (argued), for plaintiffs-appellants.

Andrew R. Griggs, Neuberger, Lorenz, Griggs & Sweet, Watertown, WI (argued), for defendant-appellee.

Before ESCHBACH, MANION, and KANNE, Circuit Judges.

KANNE, Circuit Judge.

Suzanne Marx and Kathleen Marx have litigated the issue of their right to cattle and donkeys in both state and federal courts. They lost in state court and indicate to us that that adverse decision should make no difference in their federal case. It does. The judgment entered in favor of M & I Bank of Watertown and against the Marx sisters in the Wisconsin state court and affirmed on appeal is preclusive.

In August 1985, Suzanne and Kathleen's father, Dennis Marx, was charged in a 43–count federal indictment with, among other things, engaging in a continuing criminal enterprise involving drug distribution. The indictment alleged that assets of two Wisconsin businesses owned by Marx, Maple Tree Farm and Accurate Brass and Aluminum Foundry, were acquired and enhanced with income derived from his criminal enterprise. The indictment sought forfeiture of various personal and business property, including all of Maple Tree Farm's assets. In October 1985, the United States seized the assets of Maple Tree Farm, including all livestock.

M & I Bank of Watertown held a perfected security interest in all of the personal property of Maple Tree Farm, and on June 26, 1986, eight months after the property was seized, it filed a replevin action against Marx in the circuit court of Jefferson County, Wisconsin. A default judgment of replevin was entered in favor of M & I Bank and against Dennis Marx on August 27, 1986.

Marx entered into a plea agreement with the United States on September 8, 1986, in which he agreed to plead guilty to three counts of the indictment, including the drug distribution count charging him with engaging in a continuing criminal enterprise. The plea agreement provided that all the assets of Maple Tree Farm, as well as many other personal and business assets of Marx, were to be forfeited to the United States. Under the agreement, the government promised to transfer possession of twenty-one head of black angus cattle and two donkeys, forfeited livestock from Maple Tree Farm, to the Marx daughters.[1]

On October 24, 1986, M & I Bank filed a petition in federal court pursuant to 21 U.S.C. § 853(n)[2] to determine the validity of its security interest in the personal property of Maple Tree Farm that had been forfeited to the United States. The government agreed, by stipulation, to pay M & I Bank $111,500 for a release of the Bank's liens on the forfeited property. The stipulation, however, excluded from release the liens on property which had been transferred by the United States to the family of Dennis Marx. Pursuant to the stipulation between M & I Bank and the government, the Bank's petition in federal court was dismissed on February 9, 1987.

In the meantime, M & I Bank seized the twenty-one head of cattle and two donkeys on January 27, 1987 pursuant to a writ of execution issued by the Wisconsin court based on the earlier judgment of replevin.

Shortly after the bank seized the livestock, the Marx daughters sought to intervene in the state court replevin case. In February of 1988, Suzanne and Kathleen Marx were granted post-judgment intervention in the replevin action between M & I Bank and Dennis Marx. They asked for an adjudication of their right to the Maple Tree Farm livestock and a rejection of the security interest in the livestock claimed by M & I Bank. After a bench trial on those issues, the court found against the Marx daughters, rejecting their claim to the Maple Tree Farm livestock, and holding that M & I Bank held a

---

1. This is not the first time the issue of the Maple Tree Farm livestock has been submitted to the federal courts. We previously held that the government did not violate the terms of Dennis Marx's plea agreement by not delivering the twenty-one head of cattle to the Marx daughters free from encumbrances. *See Marx v. United States,* 930 F.2d 1246, 1249–1250 (7th Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 1480, 117 L.Ed.2d 623 (1992).

2. Section 853(n) provides in pertinent part: "Any person, other than the defendant, asserting a legal interest in property which been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property."

valid lien on that livestock. Judgment was entered in favor of M & I Bank and against Suzanne and Kathleen Marx in the circuit court of Jefferson County on July 17, 1990. The Marx daughters appealed their case to the Wisconsin Court of Appeals, which affirmed the trial court in an unpublished opinion dated April 16, 1992.

In parallel action, while their state court case was pending, Suzanne and Kathleen Marx filed the present case on December 28, 1988, against M & I Bank in federal district court seeking a declaratory judgment that they were the unencumbered owners of the twenty-one head of cattle and two donkeys of Maple Tree Farm. The district court entered judgment dismissing the Marx daughters' claim on March 1, 1993, finding that M & I Bank retained a valid lien on all property transferred by the United States to the Marx daughters pursuant to the plea agreement of Dennis Marx.

### Discussion

Before plunging ahead in the saga of the twenty-one head of cattle and two donkeys of Maple Tree Farm we consider whether the state court judgment in favor of M & I Bank and against Suzanne and Kathleen Marx should be given preclusive effect in this court.[3] The Full Faith and Credit Act, 28 U.S.C. § 1738, "requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 466, 102 S.Ct. 1883, 1889, 72 L.Ed.2d 262 (1982) (footnote omitted); *Pliska v. City of Stevens Point*, 823 F.2d 1168, 1172 (7th Cir.1987). Accordingly, we look to Wisconsin law to determine whether the previous judgment of the Wisconsin courts would be given preclusive ef-

fect in a subsequent proceeding filed in the courts of that state.

■ " 'The doctrine of *res judicata* states that a final judgment is conclusive in all subsequent actions between the same parties as to all matters which were litigated or which might have been litigated in the former proceedings.' " *DePratt v. West Bend Mut. Ins. Co.*, 113 Wis.2d 306, 334 N.W.2d 883, 885 (1983) (citing *Barbian v. Lindner Bros. Trucking Co.*, 106 Wis.2d 291, 316 N.W.2d 371, 374 (1982)). The doctrine serves two important interests—encouraging the finality of judgments and preventing repetitive litigation. *Parks v. City of Madison*, 171 Wis.2d 730, 492 N.W.2d 365, 368 (Wis.Ct. App.1992). The essential elements of *res judicata* are (1) a final judgment on the merits in the earlier action; (2) an identity of the parties or their privies; and (3) an identity of the cause of action. *Krison v. Nehls*, 767 F.2d 344, 349 (7th Cir.1985).

The first two elements of the test for *res judicata* under Wisconsin law—a final judgment and identity of parties—are easily satisfied. It is undisputed that the state court proceedings resulted in a final judgment on the merits involving the parties to this litigation, M & I Bank and Suzanne and Kathleen Marx. M & I Bank initially commenced the state court replevin action against Dennis Marx and obtained a default judgment against him. However, the Marx daughters successfully intervened in that case post-judgment. In a bench trial, Suzanne and Kathleen Marx had their claims with respect to the livestock heard and determined by the Wisconsin state court. Following the trial, the state judge issued a "Memorandum of Decision" ruling on the issues raised by the Marx daughters. Thereafter, a judgment adverse to them was entered.[4] Suzanne and

---

3. The Appellee raised the issue of *res judicata* before the district court, but that court did not reach the issue in its disposition of this case. The Appellee did not discuss this issue in its initial brief or in its reply brief before this court. However, the Appellee's counsel did urge us to find this action *res judicata* in response to questioning at oral argument. It is well settled that we may affirm the district court "on any ground that finds support in the record." *United States v. Ewings*, 936 F.2d 903, 907 (7th Cir.1991) (citation omitted). *See also Robbins v. Clarke*, 946

F.2d 1331, 1334 n. 5 (8th Cir.1991) (affirming the district court's judgment on collateral estoppel grounds, even though that issue was not raised before the district court).

4. The judgment entered in the Circuit Court of Jefferson County, Wisconsin, on July 17, 1990, denied the demands of the intervening defendants, Suzanne and Kathleen Marx, and reaffirmed the M & I Bank's judgment of replevin earlier entered on August 27, 1986.

Kathleen Marx appealed the trial court's adverse judgment in favor of M & I Bank to the Wisconsin Court of Appeals—and lost.

■ It is well settled that a judgment issued after trial is a final judgment on the merits for purposes of *res judicata.* Jack H. Friedenthal, et al. *Civil Procedure* § 14.7, p. 651 (1985). By intervening in the state court proceedings, the Marx daughters became full-fledged parties to the state court lawsuit along with M & I Bank and are bound by that court's judgment. *See Local 322, Allied Indus. Workers, Globe Battery Div. v. Johnson Controls,* 921 F.2d 732 (7th Cir.1991) (finding that under the doctrine of *res judicata* an identity of the parties existed even though one party was permitted to intervene in the earlier action only on appeal).

■ Thus, we are left only to determine whether there is an identity of the cause of action in both proceedings. Wisconsin has adopted a "transactional view" to determine this question. Under the transactional view, "the inquiry is whether all of the claims arise out of one transaction or factual situation." *Manu–Tronics, Inc. v. Effective Management Systems, Inc.,* 163 Wis.2d 304, 471 N.W.2d 263, 267 n. 6 (Wis.Ct.App.1991). If both suits arise from the same transaction or factual situation, then the cause of action is considered identical under Wisconsin law, and *res judicata* generally will bar the second suit. *Juneau Square Corp. v. First Wisconsin Nat. Bank of Milwaukee,* 122 Wis.2d 673, 364 N.W.2d 164, 169 (Wis.Ct.App.1985); *Krison,* 767 F.2d at 349 (interpreting Wisconsin law).

■ The determination here is straight forward. Both the federal and state lawsuits arise from the identical factual situation. In the state replevin action brought by M & I Bank, the intervening defendants, Suzanne and Kathleen Marx, claimed right to the livestock free from any interest of M & I Bank based on the facts of the federal forfeiture proceedings and the delivery of the Ma-

ple Tree Farm livestock to them by the United States pursuant to their father's plea agreement. In the federal action seeking to have M & I Bank's lien on the livestock declared invalid, the plaintiffs, Suzanne and Kathleen Marx, claimed right to the livestock based on the facts of the federal forfeiture proceedings and the delivery of the Maple Tree Farm livestock to them by the United States pursuant to their father's plea agreement. Beyond question, the federal and state causes of action arise out of the same factual situation.[5]

All three elements are present for the application of *res judicata* under Wisconsin law: there was a final judgment in the Wisconsin court, which involved the same parties to this litigation, and both the state and federal causes of action arose out of the same factual situation.

More than enough judicial time has been devoted to the cattle and donkeys of Maple Tree Farm. Based on the principles of full faith and credit codified in 28 U.S.C. § 1738, the judgment of the Wisconsin court is entitled to preclusive effect. The federal courts are not authorized to re-examine the determination by the Wisconsin courts regarding the validity of M & I Bank's lien on the cattle and donkeys transferred by the United States to Suzanne and Kathleen Marx under the terms of their father's plea agreement, or the ownership of that livestock. The dismissal of this case by the district court is modified in accordance with this opinion and AFFIRMED as modified.

---

5. It is irrelevant that the parties' positions as plaintiff and defendant are reversed in the state and federal court actions or that the state court proceeding was commenced as a replevin action and the federal court proceeding concerned declaratory relief. The parties to the litigation are identical and it is not the characterization of the action that matters. Rather, as indicated previously, the relevant inquiry is whether both lawsuits "arise out of one transaction or factual situation." *Manu–Tronics,* 471 N.W.2d at 267 n. 6.