In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 13-3350

AARON MCCOY,

*Plaintiff,*

*v.*

IBERDROLA RENEWABLES, INC., and STREATOR-CAYUGA RIDGE
WIND POWER, LLC,

*Defendants, Third-Party Plaintiffs,*

and

GAMESA TECHNOLOGY CORPORATION, INC., and GAMESA WIND
US, LLC,

*Defendants, Third-Party Plaintiffs, Counter Defendants-*
*Appellees,*

*v.*

OUTLAND RENEWABLE ENERGY, LLC, n/k/a RENOVO
RENEWABLE ENERGY, LLC, and OUTLAND ENERGY SERVICES,
LLC, n/k/a NORTHWIND HOLDINGS, LLC, f/k/a OUTLAND
RENEWABLE ENERGY FIELD SERVICES, LLC,

*Third-Party Defendants, Counter Plaintiffs-Appellants.*

_____

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.

No. 11-CV-00592—**Charles P. Kocoras**, *Judge*.

———————————

SUBMITTED AUGUST 28, 2014— DECIDED OCTOBER 7, 2014

———————————

Before BAUER, ROVNER, and HAMILTON, *Circuit Judges*.

HAMILTON, *Circuit Judge*. We previously affirmed the judgment of the district court dismissing the third-party counterclaims of the Outland entities. 760 F.3d 674 (7th Cir. 2014). After we issued the opinion, the Outland appellants filed a petition for rehearing by the panel. The Gamesa appellees filed a motion for sanctions under Federal Rule of Appellate Procedure 38. For the reasons explained below, we deny the petition for rehearing and grant the motion for sanctions. We presume a reader's familiarity with our opinion on the merits.

I.   *Petition for Rehearing*

The petition for rehearing argues that the court misinterpreted Illinois law in affirming the district court's rejection of Outland's proposed counterclaim for tortious interference with prospective economic advantage. Contrary to the petition, the court did not hold that the tort required allegation and proof of direct communication between the defendant and the third party. The court said that actions had to be directed to the relevant third party, which is consistent with the cited cases, *F:A J Kikson v. Underwriters Laboratories, Inc.*, 492 F.3d 794, 800 (7th Cir. 2007), and *Galinski v. Kessler*, 480 N.E.2d 1176, 1180 (Ill. App. 1985), and not inconsistent with the case cited in the petition for rehearing, *Schuler v. Abbott Laboratories*, 639 N.E.2d 144, 147 (Ill. App. 1993) (re-

jecting requirement of direct contact with third party); cf. *Grund v. Donegan*, 700 N.E.2d 157, 161 (Ill. App. 1998) (affirming dismissal of claim where defendant was not alleged to have directed communications directly or indirectly toward the third party).

The petition for rehearing also asserts that the court's opinion failed to address Outland's attempt to revive an indemnification claim against Gamesa for the fines that Outland paid to the federal Occupational Safety and Health Administration (OSHA) based on the injuries to Mr. McCoy, whose accident was the original basis for this lawsuit. Outland's counsel conceded at oral argument that the factual foundation for its argument, the settlement agreement, was not part of the record on appeal, and counsel did not know if the agreement was even in the district court record. That is ample reason to reject the argument, but in any event we agree with the district court that the proposed claim for indemnification of the OSHA fines imposed for the McCoy accident did not fall within the category of "commercial counterclaims" that the parties agreed to exclude from their settlement regarding the McCoy accident.

II. *Sanctions Under Rule 38*

Federal Rule of Appellate Procedure 38 authorizes a United States Court of Appeals to award damages and single or double costs to an appellee where an appeal is frivolous. Rule 38 has both a compensatory purpose and a deterrent purpose. *Harris N.A. v. Hershey*, 711 F.3d 794, 801 (7th Cir. 2013); *Ruderer v. Fines*, 614 F.2d 1128, 1132 (7th Cir. 1980); see also *Burlington Northern R.R. Co. v. Woods*, 480 U.S. 1, 7 (1987). Appellee Gamesa has filed a timely motion in this case, and Outland has responded in detail.

This appeal presented a startling spectacle. Appellant Outland based its appeal principally on the theory that Outland itself had improperly invoked federal subject matter jurisdiction over its third-party counterclaims. We urge parties to point out jurisdictional defects at any time, of course, but the arguments here were extraordinary.

Outland argued that its own federal antitrust counterclaims were so weak that they were not even sufficient to raise federal question subject matter jurisdiction under 28 U.S.C. § 1331. We have held that when a federal claim is "utterly frivolous," it may not support subject matter jurisdiction, e.g., *Crowley Cutlery Co. v. United States*, 849 F.2d 273, 276–78 (7th Cir. 1988), though there is reason to question whether it is worth distinguishing so finely among degrees of substantive weakness. See, e.g., *Carr v. Tillery*, 591 F.3d 909, 916–18 (7th Cir. 2010). We rejected Outland's argument on appeal, but if we had accepted it, we would have determined in effect that Outland had violated Federal Rule of Civil Procedure 11 by asserting and pursuing those antitrust counterclaims.

Outland then raised the stakes by arguing on appeal that its state law counterclaims, for which it had invoked supplemental jurisdiction under 28 U.S.C. § 1367(a), were not part of the "same case or controversy" as its federal antitrust counterclaims, which would have been needed to keep the state counterclaims in the same case. Finally, Outland topped off its performance by arguing, for the first time on appeal, that the district court abused its discretion under § 1367(c) by failing to consider whether it should exercise supplemental jurisdiction.

In effect, Outland's appellate arguments confessed to its having violated Federal Rule of Civil Procedure 11 not only by asserting and pursuing its federal antitrust counterclaims, but also by choosing to combine its state law counterclaims with the federal antitrust counterclaims. Then Outland tried to obtain reversal by arguing a new non-jurisdictional issue—the exercise of discretion under § 1367(c). See *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 172 (1997) (pendent or supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right"); *Mayor of Philadelphia v. Educational Equality League*, 415 U.S. 605, 627 (1974) (discretionary doctrine of pendent jurisdiction, the forerunner of § 1367(c), was not "something akin to subject matter jurisdiction that may be raised *sua sponte* at any stage"); *Myers v. County of Lake*, 30 F.3d 847, 850 (7th Cir. 1994) ("This division between the requisites of judicial competence in § 1367(a) and the criteria for the exercise of discretion in § 1367(c) also marks, we believe, the division between matters the court must examine on its own and those that depend on an assertion of error by the litigants."). That issue had been waived by Outland's failure to raise it before the district court.

We do not lightly impose sanctions under Rule 38. The daily fare of this court's work consists of reasonable disagreements about how the law should apply in particular cases, and this court's doors are open to consider those disagreements brought to us in good faith. *Harris, N.A. v. Hershey*, 711 F.3d at 801; *Kile v. Comm'r of Internal Revenue*, 739 F.2d 265, 269 (7th Cir. 1984). But an appeal can be frivolous when the result is obvious or when the appellant's argument is wholly without merit. *Harris, N.A.*, 711 F.3d at 802 (collecting cases). Even when an appeal is frivolous, Rule 38 sanctions are not mandatory but are left to the sound discretion

of the court, keeping in mind both the compensatory and de-
terrent purposes of the rule, as well as the need not to dis-
courage litigation of reasonable disagreements. See *Burling-
ton Northern*, 480 U.S. at 4.

We find that this appeal was frivolous because of the con-
tradictions between Outland's own actions and the jurisdic-
tional arguments it advanced in this court. Having chosen to
submit all of its counterclaims to the federal court in Illinois
and lost, and after imposing substantial litigation costs on
Gamesa, Outland's appeal was a desperate attempt to start
all over again by attacking its own claims and procedural
maneuvers as baseless. Outland could have prevailed on its
jurisdictional arguments on appeal only by showing that it
had violated Rule 11 in the district court. Under these cir-
cumstances, Rule 38 sanctions are appropriate both to com-
pensate Gamesa for having to oppose these extraordinary
tactics and to deter similar shenanigans in the future.

In opposing Gamesa's motion for sanctions, Outland has
repeated its jurisdictional arguments on appeal, but without
confronting the inherent contradictions between its positions
in the district court and in this court. In addition, Outland
has repeated its arguments on the merits of its proposed
state law counterclaims. Though we rejected those argu-
ments on the merits, we do not believe those arguments
were frivolous. That does not save the entire appeal from be-
ing frivolous, however, where the principal arguments were
the frivolous jurisdictional ones aimed at *Outland's own
claims and actions*. We are adjusting the amount of the sanc-
tions to account for the fact that Outland's secondary argu-

ments, those on the merits of its counterclaims, were not frivolous.[1]

Outland argues further that its counsel (and owner, Mr. Melone) was not experienced with federal appellate litigation, that he read this court's Practitioner's Handbook, which makes clear that "Lawyers have a professional obligation to analyze subject-matter jurisdiction before judges need to question the allegations." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). (The material is at pages 69–70 of the 2014 edition of the Handbook.) It would be easier to take this defense seriously if Outland had not raised its supplemental jurisdiction argument in its Rule 59 motion in the district court, attacking its own choice to combine the state-law commercial counterclaims with its federal antitrust counterclaims. And to the extent that counsel might have come across the Practitioner's Handbook in preparing an earlier abortive appeal, that would not explain why counsel chose to raise the supplemental jurisdiction theory but not the federal question issue at that time.

Missing from Outland's opposition is any case law supporting its extraordinary attack on its own claims and actions as frivolous or unwarranted. In other words, even if Outland's attempts to support its appellate objections to the jurisdiction that it had invoked had any possible merit, those objections would merely show that Outland had been wasting the time of Gamesa and the district court all along. Un-

---

[1] We do not intend to invite Rule 38 motions every time one or two arguments in an appeal might arguably be deemed frivolous. The critical point here is that the dominant thrust of Outland's appeal was that Outland's own counterclaims were frivolous and that it had no basis for combining its federal and state law counterclaims.

der these unusual circumstances, we conclude that Rule 38 sanctions are needed to compensate the appellee and to deter similar maneuvers.

Gamesa has requested sanctions in the amount of its attorney fees and expenses on appeal totaling more than $68,000, in addition to the modest costs awarded routinely to a prevailing party on appeal. The attorney fee request is supported by an affidavit from Gamesa's lead counsel and detailed billing records. That evidence, which Outland has not challenged, shows that Gamesa's lawyers spent time reasonably and billed their time with suitable "billing judgment" at reasonable rates, and that their client paid those fees. See *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (noting importance of "billing judgment" when evaluating attorney fees); *Assessment Technologies of WI, LLC v. WIREdata, Inc.*, 361 F.3d 434, 438 (7th Cir. 2004) ("The best evidence of the value of the lawyer's services is what the client agreed to pay him."); *People Who Care v. Rockford Bd. of Education*, 90 F.3d 1307, 1310 (7th Cir. 1996) (market basis for evaluating hourly rates); *Tomazzoli v. Sheedy*, 804 F.2d 93, 96 (7th Cir. 1986) (billing judgment). Because Outland's arguments on the merits of its claims were not frivolous, however, we will reduce the requested amount to $50,000. That amount is intended to provide a roughly fair compensation for Outland's efforts to walk away from its invocation of federal jurisdiction in the district court as well. Finally, we agree with Gamesa that it is appropriate to impose the sanctions against both the Outland business entities and their owner and counsel, Thomas Melone.

Accordingly, Outland's petition for rehearing is denied, and appellees Gamesa Technology Corporation, Inc. and

Gamesa Wind US, LLC are jointly entitled to recover the sum of Fifty Thousand Dollars ($50,000.00) from Thomas Melone, Outland Renewable Energy, LLC (now known as Renovo Renewable Energy, LLC), Outland Energy Services, LLC (now known as Northwind Holdings, LLC, and formerly known as Outland Renewable Energy Field Services, LLC), which shall all be jointly and severally liable to appellees for that sum.