**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 31, 2017[*]
Decided November 7, 2017

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 17-1411

| | |
|---|---|
| JACKSON FAIRBANKS VEIT, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 16-CV-621 |
| | |
| ANGELA FRATER and "NEW COMPANY," | David E. Jones, |
| *Defendants-Appellees.* | *Magistrate Judge.* |

### O R D E R

Jackson Veit sued Angela Frater and "New Company" asserting that they conspired to defraud him of the value of securities that he held in InfoCorp, LLC. A magistrate judge, presiding by consent, *see* 28 U.S.C. § 636(c), dismissed Veit's suit

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED R. APP. P. 34(a)(2)(C).

because it was barred by claim preclusion. We affirm the judgment except as to the violations of the federal securities laws alleged in Veit's complaint.

We review de novo the magistrate judge's order dismissing Veit's suit and take all well-pled allegations as true. *See Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012). Veit, a member of InfoCorp and owner of approximately 13% of the LLC, alleges that, in late 2008 or early 2009, he asked to inspect InfoCorp's financial records.[1] Frater, owner of a controlling interest in InfoCorp, ignored these requests. Because he was unable to review InfoCorp's financial records, Veit continues, he was duped by false statements made by Frater and other members of the LLC at a meeting in February 2009. In the meeting they said that the gross revenue of the company would double over the next calendar year. And in June of that year, Veit explains, he was deceived further by InfoCorp's press release announcing that it had seen "significant growth" over the last two years. Later in 2009, Frater encumbered InfoCorp with a $50,000 note payable to New Company—"an artifice," Veit tells us, that was created by Frater and other members of InfoCorp "to steal the value of [Veit's] securities."

The deception continued in May 2010, Veit maintains, when Frater used a fraudulent balance sheet to convince InfoCorp's members that the entity was insolvent. Veit further alleges that, at a members' meeting held without the required notice, Frater convinced InfoCorp's members to approve a sale of InfoCorp's assets to Speranza Inc., despite Veit's request to audit InfoCorp's books. As a result of the sale, which left him with no shares in Speranza, Veit lost the value of his investments in InfoCorp.

Veit turned first to state court for relief. He filed in 2012 a derivative and direct action against, among others, Speranza, three individual members of InfoCorp—not including Frater—and InfoCor Communications Company (the business name of InfoCorp). Veit alleged that they had robbed him of his investment in InfoCorp. His complaint in that suit recounted basically the same story told above: InfoCorp's members conspired to deprive him of the value of his investment in InfoCorp through the sale of the company's assets to Speranza. The Circuit Court of Washington County entered summary judgment in 2013 for the defendants on all of Veit's claims, and Veit did not appeal. Veit filed five more lawsuits in Wisconsin (four in state court and one in

---

[1] Veit renames InfoCorp "Alter Ego" in his amended complaint, but all of the exhibits attached to his amended complaint reference InfoCorp. Veit's allegations against "Alter Ego," therefore, are recounted here as if they were against InfoCorp.

the Eastern District) that complained about the same allegedly fraudulent conduct by the principals of InfoCorp.

Veit then filed this suit in 2016 against Frater, Speranza, the Hazel and Gordon 1975 Trust (an institutional member of InfoCorp), and the same three individual members of InfoCorp that he had sued in state court. Frater moved to dismiss, asserting several defenses including that Veit's suit was barred by claim preclusion.

Instead of responding to the motion on the merits, Veit filed an amended complaint naming Frater and "New Company" (the quotation marks are Veit's) as the only defendants. Veit alleges that New Company is "an artifice, created by Mrs. Frater, and controlled others, to steal the value of Plaintiff's securities." He sought relief on theories that both defendants conspired to defraud him and violated section 10(b) of the Securities and Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5. He further alleges that Frater violated section 20(a) of the Securities and Exchange Act, 15 U.S.C. § 77q(a), and is further liable to him on a theory of promissory estoppel.

The magistrate judge allowed Frater to reinstate the motion to dismiss instead of filing a new one, because she wished to assert the same defenses. This time, Veit responded to the motion. He argued that: (1) a final judgment did not exist in his state-court suit, (2) the two suits were not based on the same set of transactions or occurrences, and (3) Frater and New Company were not parties to his state-court suit.

The magistrate judge rejected Veit's arguments and granted the motion to dismiss. The judge concluded that Veit's state-court suit had terminated with a final judgment on the merits and had arisen from the same set of operative facts as this suit. The judge then determined, based on exhibits attached to Veit's amended complaint and opposition to Frater's motion to dismiss, that "New Company" was simply an alias for Speranza and therefore had been a party in Veit's state-court suit. And Frater was in privity with the defendants in that suit, the judge opined, because her interests as a member of InfoCorp were identical to those of the individual defendants in Veit's state-court suit. This appeal followed.

The magistrate judge dismissed Veit's suit under Rule 12(b)(6) of the Federal Rules of Civil Procedure, so our review is de novo. *See Walczak v. Chi. Bd. of Educ.*, 739 F.3d 1013, 1016 (7th Cir. 2014). Strictly speaking the defendants should have moved for judgment on the pleadings under Rule 12(c) because claim preclusion is an affirmative defense. *See id.* at 1016 n.2. But that misstep is of no consequence because

our standard of review is the same, and the magistrate judge had everything he needed to decide the merits of the defense. *See id.*; *Hayes*, 670 F.3d at 813.

Because the Full Faith and Credit Act, 28 U.S.C. § 1738, requires us to give a state-court judgment the same preclusive effect it would have in state court, the preclusion rules of Wisconsin apply. *See Balcerzak v. City of Milwaukee*, 163 F.3d 993, 995 (7th Cir. 1998). In Wisconsin, the defense of claim preclusion applies when there is (1) a prior suit that ended in a final judgment on the merits by a court of competent jurisdiction; (2) an identity of the causes of action in the two suits; and (3) an identity between the parties or their privies in the two suits. *See Kruckenberg v. Harvey*, 694 N.W.2d 879, 885 (Wis. 2005). Wisconsin courts use the "transactional approach" to determine if there are identical causes of action, meaning that the courts evaluate whether they arose from a "common nucleus of operative facts." *Id.* at 886. Claim preclusion applies to all matters that were litigated or could have been litigated between the same parties or their privies. *See Wis. Pub. Serv. Corp. v. Arby Const., Inc.*, 818 N.W.2d 863, 870 (Wis. 2012); *Menard, Inc. v. Liteway Lighting Prods.*, 698 N.W.2d 738, 745 (Wis. 2005). "Privity exists when a person is so identified in interest with a party to former litigation that he or she represents precisely the same legal right in respect to the subject matter involved." *Pasko v. City of Milwaukee*, 643 N.W.2d 72, 78 (Wis. 2002).

Here, claim preclusion does not bar all of Veit's claims against Frater because Veit's claims under the Securities and Exchange Act of 1934 (the "1934 Act") could not have been brought in the state court. Congress has given federal courts exclusive jurisdiction over claims arising under the 1934 Act, *see* 15 U.S.C. § 78aa(a); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Manning*, 136 S. Ct. 1562, 1567–68 (2016), so Veit could not have raised those claims in the Wisconsin lawsuit on which the preclusion defense is based. Claims within the exclusive jurisdiction of federal courts are generally not barred by prior state judgments. *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 382–83 (1985); *Froebel v. Meyer*, 217 F.3d 928, 934–35 (7th Cir. 2000); *Kruckenberg*, 694 N.W.2d at 532–33; *Hanlon v. Town of Milton*, 612 N.W.2d 44, 48–49 (Wis. 2000).

Veit's other claims against Frater, however, are barred by his prior state-court suit. First, there is a final judgment from the Circuit Court of Washington County; that court disposed of all claims by entering summary judgment for the defendants. Second, the two suits also arise from a common nucleus of operative facts. Indeed, comparing the two complaints reveals that the same events gave rise to both suits. *See N. States Power Co. v. Bugher*, 525 N.W.2d 723, 729 (Wis. 1995) (stating that if both suits arise from "same transaction, incident, or factual situation" that claim preclusion will generally bar

second suit). There are slight changes in wording, and in the second case, Speranza was renamed "New Company." But in both suits Veit complains about the same events: he was unable to inspect InfoCorp's books, other members of InfoCorp made false statements made about the LLC's profitability, and InfoCorp's assets were sold to Speranza/New Company. The comparison charts in Veit's appellate brief do not convince us otherwise; they distinguish the legal theories he asserts but do not show that his federal case arises from a different "nucleus of operative facts."

Finally, Frater is in privity with InfoCor Communications Company—a defendant in Veit's state-court suit—because she is the primary shareholder of that company and she participated in Veit's first lawsuit in that capacity. *See Manu-Tronics, Inc. v. Effective Mgmt. Sys., Inc.*, 471 N.W.2d 263, 267 (Wis. Ct. App. 1991). Therefore, Veit's conspiracy and promissory estoppel claims against Frater are barred, along with any other claim that he could have brought in the Wisconsin lawsuit.

As for claims against New Company, we note that, now more than a year after the amended complaint was filed, it still has not been served with the amended complaint (perhaps another indication that it is not separate from Speranza, which, as a non-defendant, also has not been served with the second pleading). Therefore, the district court's judgment does not bind New Company or have preclusive effect on it. On remand the district court should consider whether New Company should be dismissed from what remains of the case for failure to effect service of process or failure to prosecute. *See Williams v. Illinois*, 737 F.3d 473, 475–76 (7th Cir. 2013).

Finally, we must address Frater's separate motion for sanctions against Veit under Federal Rule of Appellate Procedure 38. Frater asserts that the appeal is frivolous because there are no legal or factual arguments that would alter the applicability of claim preclusion and that none of Veit's appellate arguments is supported by fact or law. Frater argues that this lawsuit is a continued attempt to harass her with repeated lawsuits (this is now the sixth) about the same events, because of a "frivolous grudge." Finally, Frater points out that the entire action was frivolous, because, as the magistrate judge determined, Veit transparently attempted to evade claim preclusion by engaging in the "subterfuge" of "calling the same players by different names."

Although Frater's assertions about Veit's motives and methods are believable, we deny the motion for sanctions. To impose sanctions we must "make[ ] two determinations": first, that the appeal is "frivolous"; and second, whether in our discretion "the appeal is an appropriate one for the imposition of a sanction." *Ruderer v. Fines*, 614 F.2d 1128, 1132 (7th Cir. 1980); *see Etter v. J. Pease Const. Co.*, 963 F.2d 1005,

1012 (7th Cir. 1992). Given Veit's partial success, we cannot say that his appeal is frivolous, i.e., that "the result is obvious" or that the "appellant's argument is wholly without merit." *White v. Keely*, 814 F.3d 883, 889 (7th Cir. 2016) (quoting *McCoy v. Iberdrola Renewables, Inc.*, 769 F.3d 535, 536–37 (7th Cir. 2014)). And though Veit's long history of challenging the same transaction in various forums is a red flag, the existence of a nonfrivolous argument prevents us from conclusively determining that the appeal was brought "for the purposes of delay, harassment, or sheer obstinacy." *Id*. (quoting *In re Nora*, 778 F.3d 662, 665 (7th Cir. 2015)).

That said, we are not required to stand aside as Veit commits a fraud on this court and the district court by continually asserting that entities called "Alter Ego" and "New Company" exist. We are somewhat dismayed that the magistrate judge did not call on Veit to account for his bold and transparent misrepresentations. While Veit's partial victory (on limited, technical grounds) prevents us from imposing sanctions under our Rule 38, on remand the district court should consider employing the authority available to it—including Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the district court's inherent powers—to investigate Veit's conduct. And, if the judge determines that Veit has pursued this suit in an effort to harass the defendants or has willfully misrepresented the facts, sanctions, up to and including the dismissal of this suit, might well be warranted.

We have considered Veit's other arguments, but none merits discussion. The judgment of the district court therefore is AFFIRMED as to Veit's conspiracy and estoppel claims against Angela Frater. We VACATE and REMAND the remainder of the judgment for proceedings consistent with this order.