481 P.2d 510

**Sam THOMAS and Beatrice B. Thomas, husband and wife, Appellants,**

**v.**

**Harold E. HARPER, Waldo Wilson, Al Carlton and J. Lawrence Walkup, Appellees.**

**No. I CA–CIV 1374.**

Court of Appeals of Arizona, Division 1.

March 2, 1971.

Rehearing Denied April 1, 1971.

Review Denied May 4, 1971.

Kanne & Bickart by Lawrence J. Marks, Phoenix, for appellants.

Mangum, Wall & Stoops by H. K. Mangum, Flagstaff, for appellees.

Before KRUCKER, C. J., and HATHAWAY and HOWARD, JJ.

PER CURIAM.

Appellees, plaintiffs below, were stockholders of an Arizona corporation, Northern Arizona Innkeepers, Inc., which was dissolved involuntarily by the Arizona Corporation Commission for failure to pay the annual fees and file the required reports. Appellants had given a promissory note dated February 26, 1963 to the corporation. Plaintiffs sued to collect the balance due on the note and, after trying the matter to the court sitting without a jury, were awarded a judgment.

Appellants contend that the court erred in ruling that the plaintiffs were the proper parties to bring the action. Appellant

position was and is that Northern Arizona Innkeepers, Inc. is an indispensable party and the appellees are improper parties. Appellees' theory was that they were entitled to bring the suit as stockholders of the dissolved corporation.

Appellants argue the pertinency of A.R.S. § 10–365, subsec. B which provides:

> "A dissolved corporation shall continue in existence for the purpose of filing a civil action and may be used in its corporate name upon any cause of action which, but for dissolution, would have accrued against it."

The historical note under the statute indicates that it first appeared in the Arizona Code of 1939. Appellees contend that the statute makes the corporation a necessary party even after it has been dissolved, in the absence of assignment by the corporation to the stockholders. Prior to the statute it was held that the stockholders of a defunct corporation were entitled to bring an action which previously belonged to the corporation. Norton v. Steinfeld, 36 Ariz. 536, 288 P. 3 (1930).

A defunct corporation is a proper party under A.R.S. § 10–365, subsec. B, but is not a necessary or indispensable party where there exist no debts on the part of the corporation. Bacon v. National Bank of Commerce, 259 S.W. 244 (Tex.Civ.App. 1923); Gardiner v. Automatic Arms Co., 275 F. 697 (D.C.1921). This is because on dissolution the legal title to the property of the corporation passes to the stockholders subject to payment of the debts of the corporation. Gardiner v. Automatic Arms Co., supra; 19 C.J.S. Corporations § 1730, p. 1489 et seq. The record in this case reveals no creditors.

The appellants claim that failure to make the corporation a party may subject them to double liability. This claim is groundless. If the corporation, by reason of dissolution, is no longer the owner of legal title to the corporate property, and the title is, after dissolution, in the stockholders, then, in the absence of creditors, a judgment by the stockholders relating to this property which formerly belonged to the corporation, would be res judicata as to that property.

The judgment is affirmed.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.