In the

# United States Court of Appeals
## For the Seventh Circuit

No. 13-2652

JOHN E. WILLIAMS,

*Plaintiff-Appellant*,

*v.*

STATE OF ILLINOIS, et al.,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 11-1382 — **Joe Billy McDade**, *Judge.*

SUBMITTED DECEMBER 9, 2013[*] — DECIDED DECEMBER 11, 2013

Before CUDAHY, ROVNER, and WILLIAMS, *Circuit Judges.*

PER CURIAM. John Williams never served his complaint on the defendants in this action under 42 U.S.C. § 1983 and Illinois law, and after more than a year the district court dismissed the

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2).

suit for failure to prosecute. Williams appeals. We affirm the judgment.

Williams filed his complaint in October 2011 listing more than a hundred defendants, including the State of Illinois, its Attorney General, and Illinois State University. He alleges that university police officers arrested him without probable cause and that afterward other defendants pursued baseless criminal charges. After the suit had languished for 13 months, the magistrate judge overseeing the case ordered Williams to explain why the defendants had not been served or else demonstrate that service had been accomplished. The magistrate judge warned that he was considering recommending dismissing the suit for lack of prosecution. FED. R. CIV. P. 41(b). Williams replied that his ability to serve the defendants had been stymied by the university's refusal to supply the names and home addresses of its employees. He added that in October 2012 he had sent a request for waiver of service to the university's counsel. When two more months passed without action on the case, the magistrate judge recommended dismissal for lack of prosecution. Williams objected that twice he had asked university counsel to waive service, and he explained that the clerk of the district court had refused to issue a multitude of summonses after the magistrate judge's recommendation was issued.

The district court adopted that recommendation and dismissed the suit on the basis that Williams's failure to effect service established a lack of prosecution. The court explained that Williams, who was not proceeding in forma pauperis, bore the burden of identifying the names and addresses of the individual defendants. The court also noted that Williams

could have served the governmental defendants, but did not. Twenty-nine days later, Williams asked the court to reinstate the case, asserting that he had made diligent efforts to serve process. But the 28-day deadline to move for reconsideration had passed, *see* FED. R. CIV. P. 59(e), and thus the court construed Williams's motion as a request to vacate the judgment and denied it because he had not shown any of the specific grounds justifying relief, *see* FED. R. CIV. P. 60(b). The court reiterated that dismissal for want of prosecution was appropriate because Williams had not offered a valid explanation for the lack of service more than a year after filing his lawsuit. By the time Williams had requested all of his needed summonses, the court explained, 16 months had elapsed without service on even one defendant.

On appeal Williams contends that the district court erred in evaluating his post-judgment motion under Rule 60(b). But we have established a bright-line rule that any motion for reconsideration filed after the deadline must be construed as a motion to vacate. *See Justice v. Town of Cicero, Ill.*, 682 F.3d 662, 663–65 (7th Cir. 2012); *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 742–43 (7th Cir. 2009). Williams insists that he had three extra days to ask for reconsideration because he received the dismissal by mail, *see* FED. R. CIV. P. 6(d), but that rule enlarges the filing time only when the period for acting runs from the service of a notice, not when the time begins after the entry of judgment, as it did here. *See McCarty v. Astrue*, 528 F.3d 541, 545 (7th Cir. 2008); *Johnson v. McBride*, 381 F.3d 587, 589 (7th Cir. 2004). We now join every circuit that has ruled on this precise issue and conclude that Rule 6(d)—formerly Rule 6(e)—does not extend the deadline for

Rule 59(e) motions. *See Jackson v. Crosby*, 375 F.3d 1291, 1296 (11th Cir. 2004); *Albright v. Virtue*, 273 F.3d 564, 571 (3d Cir. 2001); *Arnold v. Wood*, 238 F.3d 992, 995 n.2 (8th Cir. 2001); *Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 467–68 (5th Cir. 1998); *Parker v. Bd. of Pub. Utils. of Kansas City, Kan.*, 77 F.3d 1289, 1290–91 (10th Cir. 1996); *Derrington-Bey v. D.C. Dep't of Corr.*, 39 F.3d 1224, 1225–26 (D.C. Cir. 1994); *Flint v. Howard*, 464 F.2d 1084, 1087 (1st Cir. 1972). Thus the judge properly considered the motion under Rule 60(b) and did not abuse his discretion in denying it. Relief under Rule 60(b) is limited to grounds specified in the rule or to extraordinary circumstances, *see Mendez v. Republic Bank*, 725 F.3d 651, 657 (7th Cir. 2013); *Stoller v. Pure Fishing Inc.*, 528 F.3d 478, 480 (7th Cir. 2008), none of which Williams established. Although he argues that the district court erred by dismissing his suit *with* prejudice for failure to prosecute when it could have dismissed *without* prejudice for lack of service, *see* FED. R. CIV. P. 4(m), a court has the discretion to dismiss for want of prosecution if the plaintiff's delay in obtaining service is so long that it signifies failure to prosecute, *see O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 953 (7th Cir. 2000); *Powell v. Starwalt*, 866 F.2d 964, 966 (7th Cir. 1989); *Dewey v. Farchone*, 460 F.2d 1338, 1340–41 (7th Cir. 1972). Williams had not served any of the defendants more than 16 months after filing suit, four times the normal limit for service of process. *See* FED. R. CIV. P. 4(m); *Cardenas v. City of Chicago*, 646 F.3d 1001, 1004–05 (7th Cir. 2011).

Williams asserts for the first time on appeal that Judge McDade was prejudiced against him, suggesting that the judge's adverse rulings were retaliation for an ethics complaint

he filed when the judge was on the state bench 30 years earlier. Williams did not raise the issue of recusal in the district court, so to the extent we can review his argument at all, we review for clear error. *See United States v. Johnson*, 680 F.3d 966, 980 (7th Cir. 2012). Williams cannot meet this standard: Adverse rulings do not establish personal prejudice, *see Liteky v. United States*, 510 U.S. 540, 555–56 (1994); *Tezak v. United States*, 256 F.3d 702, 717–18 (7th Cir. 2001), and nothing in the record hints that the judge harbored any animus (or even remembered his distant complaint). Thus we see nothing that would lead a reasonable observer to believe that the judge was incapable of ruling fairly, as required to show prejudice. *Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009); *Tezak*, 256 F.3d at 717–18.

We have reviewed Williams's remaining contentions, and none has merit.

AFFIRMED.