**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 13, 2017[*]
Decided February 13, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 16-2408

| | |
|---|---|
| ERIN JESSICA EILER, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 16 C 4665 |
| SOUTH DAKOTA HUMAN SERVICES CENTER and EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Amy J. St. Eve, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Erin Eiler appeals the district court's denial of her motion to proceed in forma pauperis in her employment-discrimination lawsuit against the South Dakota Human Services Center and the Equal Employment Opportunity Commission. Because the

---

[*] We have agreed to decide the case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C). The Defendants were not served with process in the district court and are not participating in this appeal.

court did not abuse its discretion by finding that she could pay the filing fee, we affirm the judgment.

Eiler had asked the court to waive the $400 filing fee for this lawsuit on grounds of poverty. To demonstrate her indigence, she submitted several dated documents: a credit card bill for about $22,000 (from four months earlier), utility bills and collection-agency records (from a year earlier), and a student-loan bill (from four years earlier). But she acknowledged in her financial affidavit that she had received $23,500 in disability benefits during the previous year and owned a home worth "less than $30,000." The district court denied Eiler's motion, concluding that her reported income during the preceding year was significantly above the $11,880 poverty threshold established by the Department of Health and Human Services. The court directed her to pay the filing fee within a month or face dismissal of the suit under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

Eiler then moved for reconsideration, asserting that her debt prevented her from paying the filing fee. She resubmitted the same documents and added a three-week-old home-insurance bill for $1,000 for a year of coverage and a student-loan bill for roughly $23,000 from eight months earlier.

The district court reviewed her submissions and determined that she did not establish indigence. The court acknowledged the submitted documents reflecting her monthly expenses but pointed out that none of the documents was current except for the home-insurance bill, which did not aid the court in its IFP decision. Six weeks later the court dismissed the case without prejudice for failure to pay the filing fee. *See* FED. R. CIV. P. 41(b).

On appeal Eiler asks us to reevaluate her IFP petition and maintains that she has substantial expenses, including her credit-card and student-loan debts, that prevent her from paying the filing fee. But she does not say why she believes the district court abused its discretion by concluding that she did not establish indigence. She does not explain, for instance, why she did not submit more current loan or credit-card statements or present other evidence to establish the amount of her current indebtedness. Given the information available to it, the district court permissibly exercised its discretion by deciding that Eiler could afford to pay the filing fee. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004).

AFFIRMED.