In the

# United States Court of Appeals

## For the Seventh Circuit

No. 16-4255

SHERWIN A. BROOK, as Trustee of the
David North II Trust, successor to the
assets of Cortina Financial, Inc.,

*Plaintiff-Appellant*,

*v.*

J. LAWRENCE MCCORMLEY, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 16 C 7345 — **Matthew F. Kennelly**, *Judge.*

ARGUED SEPTEMBER 13, 2017 — DECIDED OCTOBER 11, 2017

Before BAUER, ROVNER, and SYKES, *Circuit Judges*.

BAUER, *Circuit Judge.*   Plaintiff-appellant, Sherwin Brook
("Brook"), appeals the district court's finding that the Northern
District of Illinois lacks personal jurisdiction over the
defendants-appellees, J. Lawrence McCormley and Tiffany &

Bosco, P.A. (collectively, "Defendants"), for a legal malpractice, breach of contract, and breach of fiduciary duty lawsuit. For the reasons set forth below, we affirm.

## I. BACKGROUND

Cortina Financial, Inc. ("Cortina") is a now-dissolved corporation that was wholly-owned by the David North II Trust (the "Trust"). The beneficiaries of the Trust lived in Illinois when the Trust was established; however, in the mid-1980s, they relocated to Arizona. In 2011, the Trust became an Arizona trust. Brook, an Illinois resident, was the president of Cortina and is the trustee of the Trust. Lawrence McCormley is a resident of Arizona and an attorney at Tiffany & Bosco, a law firm with its principal place of business in Arizona.

In 2001, Brook sought out Tiffany & Bosco to represent Cortina in a lawsuit. The lawsuit arose from a dispute over a ground lease created when Cortina sold one of four plots of land the company owned in Scottsdale, Arizona. The suit was dismissed in 2002.

In 2005, and again in 2013, Cortina sought additional legal advice from Tiffany & Bosco to analyze the viability of claims related to the same ground lease under Arizona's various statutory limitation periods. In 2014, Cortina requested that Tiffany & Bosco initiate a nonjudicial foreclosure on the property. Tiffany & Bosco ultimately decided that the firm's involvement in the nonjudicial foreclosure would pose conflict of interest issues and declined the opportunity to represent Cortina. Throughout Tiffany & Bosco's thirteen years representing Cortina, the parties exchanged phone calls and

correspondence between Arizona and Illinois, but all in-person meetings occurred in Arizona.

Cortina filed suit against Defendants in the Northern District of Illinois alleging legal malpractice, breach of contract, and breach of fiduciary duty. After the district court requested a jurisdictional statement, Cortina substituted in Brook as the plaintiff through an amended complaint.

The district court dismissed Brook's amended complaint for lack of personal jurisdiction. The district court acknowledged that Defendants entered into a business relationship with an Illinois plaintiff, but pointed out that the activities were strictly conducted in Arizona. Additionally, the court cited the lack of evidence showing that Defendants reached out to or solicited Cortina, the Trust, or Brook to enter into the relationship. Brook appeals.

## II. DISCUSSION

The standard of review for a dismissal based on lack of personal jurisdiction is *de novo*. *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). In order for a district court to bind an individual, the court must have personal jurisdiction over that individual. *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). The plaintiff bears the burden of establishing personal jurisdiction. *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 939 (7th Cir. 2000).

As a procedural matter, federal courts look to state law in determining the bounds of their jurisdiction over a party. Fed. R. Civ. P. 4(k)(1)(A); *see also Walden v. Fiore*, 134 S. Ct. 1115,

1121 (2014). The Illinois long-arm statute permits the court to exercise jurisdiction to the full extent permitted by the Due Process Clause of the Fourteenth Amendment. 735 Ill Comp Stat 5/2-209(c). Thus, the state statutory and federal constitutional requirements merge. *Tamburo*, 601 F.3d at 700.

The Due Process Clause of the Fourteenth Amendment limits the power of a court to render a judgment over nonresident defendants. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). To determine this constitutional limitation, courts must determine whether the defendant had sufficient "minimum contacts […] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (*quoting Milliken v. Meyer*, 311 U.S. 457, 463 (1940)) (internal quotations omitted). While the defendant's physical presence in the forum State is not required, there must be sufficient minimum contacts such that he or she "should reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (*quoting World-Wide Volkswagen Corp.*, 444 U.S. at 297).

Jurisdiction over a defendant can be established either through general or specific jurisdiction. *Tamburo*, 601 F.3d at 701. General jurisdiction looks to the defendant's "continuous and systematic" contacts with a state, whether or not the action is related to the contacts. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). Here, there is no contention that general jurisdiction is present; so, we will only address specific jurisdiction. Specific jurisdiction "refers to jurisdiction over a defendant in a suit arising out of or related

to the defendant's contacts with the forum." *GCIU-Emp'r Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1023 (7th Cir. 2009).

Specific jurisdiction requires a defendant's contacts with the forum State to be directly related to the conduct pertaining to the claims asserted. *Tamburo*, 601 F.3d at 702. The mere fact that a defendant's conduct affects a plaintiff with connections to the forum State is not sufficient to establish jurisdiction. *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014) (*quoting Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)). The inquiry must focus on "the relationship among the defendant, the forum, and the litigation." *Walden*, 134 S. Ct. at 1122 (*quoting Keeton*, 465 U.S. at 775) (internal quotations omitted). The defendant's relationship with the plaintiff is not sufficient to create the necessary "minimum contacts." *Walden*, 134 S. Ct. at 1123. Rather, "the relationship must arise out of contacts that the defendant *himself* creates with the forum State," and "the defendant's contacts with the forum State itself." *Id.* at 1122 (emphasis provided).

We find Brook's argument based on Illinois' long-arm statute to be unpersuasive. Brook argues that three enumerated sections in Illinois' long-arm statute are applicable here; specifically that the transaction involved: (1) "[t]he commission of a tortious act within this State;" (2) "[t]he making or performance of any contract or promise substantially connected with this State;" and (3) "[t]he breach of any fiduciary duty within this State." 735 Ill Comp Stat 5/2-209(a)(2), (7) and (11). These assertions are based on correspondence from Arizona, telephone calls, the contract governing the attorney-client relation-

ship, attorneys' fees sent from Illinois, and Brook having felt the injury in Illinois. We find this unpersuasive. Brook attempts to use Defendants' relationship with himself to establish personal jurisdiction, not the Defendants' relationship with Illinois.

We find *Walden* particularly instructive in this case. In *Walden*, a police officer searched and seized a large sum of cash from two individuals in Georgia before they boarded their flight for Nevada. *Walden*, 134 S. Ct. at 1119. In an effort to retrieve their property, communications commenced between the two individuals in Nevada and the officer in Georgia. *Id.* Amongst these communications were phone calls from Nevada, documentation from Nevada, and an affidavit from Georgia showing probable cause to seize the cash. *Id.* The two individuals filed suit in a district court in Nevada. *Id.* at 1120. Our Supreme Court found a lack of personal jurisdiction because the officer "never traveled to, conducted activities within, contacted anyone in, or sent anything or anyone to Nevada." *Id.* at 1124. The Court held that the district court in Nevada lacked personal jurisdiction over the officer. *Id.* at 1121.

Here, as in *Walden*, the tenuous contacts with Illinois are insufficient to establish personal jurisdiction. Defendants in this case never sought out nor conducted business in Illinois, rather Cortina sought out legal services from Defendants. The subject matter of the representation was land in Arizona subject to Arizona law. All business on behalf of Cortina was done in Arizona by an Arizona based law firm with Arizona lawyers. Put quite simply, Brook, a substituted plaintiff, is the only link

Defendants have with the forum State. Brook has failed to establish that the district court has personal jurisdiction over Defendants.

### III. CONCLUSION

For the forgoing reasons, we AFFIRM the district court's dismissal for lack of personal jurisdiction.