In the

# United States Court of Appeals

## For the Seventh Circuit

_____

Nos. 17-1809, 17-1926 & 17-1814

JOHN CRANE, INC.,

*Plaintiff-Appellant/Cross-Appellee,*

*v.*

SHEIN LAW CENTER, LTD. and BENJAMIN P. SHEIN,

*Defendants-Appellees/Cross-Appellants,*

*v.*

SIMON GREENSTONE PANATIER BARTLETT, JEFFREY B. SIMON and DAVID C. GREENSTONE,

*Defendants-Appellees.*

_____

Appeals from the United States District Court for the
Northern District of Illinois, Eastern Division.
Nos. 16-cv-05913 & 16-cv-05918 — **John J. Tharp, Jr.** & **Amy J. St. Eve**,
*Judges.*

_____

ARGUED FEBRUARY 6, 2018 — DECIDED JUNE 4, 2018

_____

Before WOOD, *Chief Judge*, and KANNE and HAMILTON, *Circuit Judges.*

KANNE, *Circuit Judge*. John Crane, Inc., as a manufacturer of products containing asbestos, has been sued many times for injuries caused by exposure to asbestos. Now it claims some of those suits were part of a conspiracy to defraud the company. It filed lawsuits in the Northern District of Illinois against two law firms and their lawyers who brought some of those injury suits. Because the Northern District lacked personal jurisdiction over the defendants, we affirm the dismissal of the lawsuits.

## I.   BACKGROUND

John Crane, Inc. ("JCI") is a manufacturing company with its principal place of business in Illinois. The Shein Law Center is a law firm based in Pennsylvania. Benjamin Shein, the partner named in this case, is a resident of Pennsylvania. Simon Greenstone Panatier Bartlett is a law firm based in Texas. The firm has offices in Texas and California, and its partners and shareholders are residents of those states.

Shein and Simon Greenstone[1] sued JCI on behalf of their clients in state courts in Pennsylvania, California, and Texas. JCI alleges these suits were part of a conspiracy to defraud the company. Specifically, JCI alleges the defendants concealed information during discovery regarding their clients' exposure to asbestos from other manufacturers' products so that they could extract larger recoveries from JCI. The other man-

---

[1] For our purposes, there is no reason to differentiate between the lawyers and the firms for which they work. We refer to Benjamin Shein and his firm, the Shein Law Center, as "Shein" and Jeffrey Simon, David Greenstone, and their firm, Simon Greenstone Panatier Bartlett, as "Simon Greenstone" in this opinion.

ufacturers are bankrupt; JCI is one of the few remaining as-bestos manufacturers that are not. After winning verdicts against JCI, the defendants allegedly filed claims against the bankrupt manufacturers' trusts.

JCI filed lawsuits against Shein and Simon Greenstone in the Northern District of Illinois alleging fraud, conspiracy, and violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.*[2] Shein and Simon Greenstone each moved to have JCI's cases against them dismissed for lack of personal jurisdiction. And in both, the district court dismissed the case. Shein also moved for dismissal for lack of subject matter jurisdiction, an argument the district court rejected. The cases (No. 17-1809, JCI v. Shein & No. 17-1814, JCI v. Simon Greenstone) were consolidated on appeal, and Shein (No. 17-1926) cross-appealed the district court's refusal to dismiss the complaint for lack of subject matter jurisdiction.

## II.   ANALYSIS

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (quoting *Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (2014)). The Illinois long-arm statute requires nothing more than the standard for federal due process: that the defendant have sufficient contacts with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017) (quoting

---

[2] JCI also sued Shein in the Eastern District of Pennsylvania, Docket No. 17-2210. That litigation has been stayed pending our decision in this case.

*Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). When challenged, the plaintiff has the burden of proving personal jurisdiction. *Northern Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014). And where, as here, there has been no hearing on the matter, the plaintiff's burden is to set forth a prima facie showing of jurisdiction. *Id*. We review the district court's determination that it lacked jurisdiction *de novo*. *Brook*, 873 F.3d at 551.

The parties agree that the district court did not have general personal jurisdiction. To establish specific personal jurisdiction, JCI needed to demonstrate that the defendants' contacts with Illinois related to the challenged conduct. *Id.* at 552. The defendant must have contacts with the forum state independent of its relationship with the plaintiff. *Id.* at 552–53. "[T]he plaintiff cannot be the only link between the defendant and the forum." *Walden*, 134 S. Ct. at 1122.

JCI argues that the defendants established contacts with Illinois when they engaged in fraudulent litigation against JCI, an Illinois-based company. As part of that litigation, JCI stresses, the defendants sent fraudulent litigation materials to JCI. The defendants counter that their activities were directed at the states in which the litigation was carried out—Texas, California, and Pennsylvania. They had contact with Illinois in that JCI is an Illinois resident, but had no other contact with the state.

In *Wallace v. Herron*, this court considered whether a federal court in Indiana could exercise personal jurisdiction over California-based lawyers who, the plaintiff alleged, engaged in malicious prosecution when they filed lawsuits in California against the plaintiffs, Indiana residents. 778 F.2d 391, 394 (7th Cir. 1985). Like JCI, the plaintiffs in that case argued that

the defendants had contacts with Indiana because they served interrogatories, requests for documents, and other litigation materials on the plaintiffs in Indiana. The court rejected this argument: "the defendants filed these motions on behalf of their clients in a California court pursuant to a California lawsuit, and it would be unreasonable to require the defendants to appear in Indiana to defend this suit on the basis of such attenuated contacts." *Id.* The same logic applies in this case. As Judge Tharp succinctly put it, "directing pleadings, discovery, and other litigation communications to an Illinois citizen facing suit in some other state—even in furtherance of a tortious scheme—is simply not the same as targeting that citizen *in Illinois*." *John Crane Inc. v. Shein Law Ctr., Ltd.*, 16-CV-05913, 2017 WL 1105490.

JCI attempts to distinguish *Wallace* on the basis that the litigation in this case is alleged to be part of a broader scheme. Sending fraudulent materials in furtherance of such a scheme, JCI contends, creates sufficient contacts. In *Felland v. Clifton*, this court found sufficient contacts based on communications sent to the plaintiffs in the forum state. 682 F.3d 665 (7th Cir. 2012). The defendants purposefully directed the communications to the jurisdiction, and the communications were the basis of the plaintiffs' claim of intentional misrepresentation. The communications were not incidental to other conduct. Here, the defendants sent allegedly fraudulent communications to JCI through JCI's local counsel in Texas, Pennsylvania, and California. And the communications were incidental to the litigation, which is the basis of JCI's claims. For these reasons, the communications between JCI and the defendants in these cases were not enough to establish specific personal jurisdiction in Illinois.

JCI alternatively argues the district court should have granted its request for additional discovery. JCI alleges the defendants submitted claims to bankrupt manufacturers' trusts as part of their conspiracy to defraud JCI. It sought to conduct discovery into the defendants' contacts with these trusts, at least one of which is based in Illinois. But the location of these trusts was entirely coincidental and had nothing to do with the defendants' decisions to file claims. Even if JCI had discovered that the defendants had submitted claims to a trust in Illinois, it would not be enough to establish personal jurisdiction in a suit brought by JCI. *See Brook*, 873 F.3d at 552–53 ("'[T]he relationship must arise out of contacts that the defendant *himself* creates with the forum state,' and 'the defendant's contacts with the forum State itself.'" (quoting *Walden*, 134 S. Ct. at 1122)). Therefore, the district court did not err when it denied the request.

Finally, because we conclude that the district court lacked personal jurisdiction, we need not consider whether the district court also lacked subject matter jurisdiction. *Ruhrgas Ag v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999).

### III.    CONCLUSION

Out-of-state litigation against an Illinois resident is not sufficient to establish personal jurisdiction in Illinois over a lawyer involved in the out-of-state litigation. Shein and Simon Greenstone's alleged unlawful conduct at issue in this case was targeted at the litigation conducted in Texas, Pennsylvania, and California. All contacts the defendants had with JCI in Illinois were incidental to the litigation proceeding elsewhere. It would be unfair to require the defendants to appear in Illinois because of these limited contacts.

Nothing in this opinion is meant to weigh on the merits of JCI's allegations. The claims JCI levies are serious and ought to be examined. The Northern District of Illinois is simply the wrong jurisdiction. For this reason, we AFFIRM the dismissal of the cases.