**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 30, 2018[*]
Decided August 30, 2018

*Before*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 18-1133

| | |
|---|---|
| ERIN JESSICA EILER<br>    *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 16 C 4665 |
| SOUTH DAKOTA HUMAN SERVICES CENTER and EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>    *Defendants-Appellees.* | Amy J. St. Eve,<br>*Judge.* |

**O R D E R**

The South Dakota Human Services Center declined to hire Erin Eiler. She responded by suing the Center and the Equal Employment Opportunity Commission, alleging that the Center did not hire her because she was disabled, and the EEOC failed to rectify that problem. The district court dismissed her complaint. Because it correctly

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

reasoned that it did not have personal jurisdiction over the Center and that Eiler neither timely served the EEOC nor stated a valid claim against it, we affirm.

The Center rejected Eiler's application to work as a counselor. She filed a charge of discrimination at the South Dakota Department of Labor and Regulation, alleging that the Center did not select her because of an unspecified disability. When the Department dismissed the charge after finding no violation, it informed her that she could request review by the EEOC. Eiler did so by turning to the Chicago office of the EEOC, which issued her a right-to-sue letter after adopting the Department's findings.

Dissatisfied with the lack of administrative relief, Eiler sued the Center and the EEOC in the Northern District of Illinois under various employment statutes including the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213. She alleged that the "defendant interfered with the plaintiff's exercise of and equal enjoyment of rights by discriminating against plaintiff based on disabilities." Eiler applied to proceed in forma pauperis, but the district court denied her request and, once she failed to pay the filing fee, dismissed her lawsuit. We affirmed that decision as a valid exercise of discretion. *Eiler v. S. D. Human Servs. Ctr.*, 676 F. App'x 595, 596 (7th Cir. 2017).

When Eiler later paid the filing fee, the district judge reopened the case to consider other preliminary issues. The judge first granted Eiler more time to serve the defendants, requiring service by October 20, 2017. Then, two months after that deadline passed, the judge dismissed the case. The EEOC was dismissed from the suit because Eiler had not properly served it by the deadline. Furthermore, because Eiler did not allege that she had pursued an employment relationship with the EEOC, Eiler stated no claim under the ADA, the only possibly applicable law. Finally, the court lacked personal jurisdiction over the Center because it operated only in South Dakota.

On appeal, Eiler first argues that the district court denied her due process when it charged her a filing fee. But we resolved this issue in her last appeal, *see Eiler*, 676 F. App'x at 596, and Eiler is precluded from relitigating it. *Bravo-Fernandez v. United States*, 137 S. Ct. 352, 358 (2016).

Eiler next turns to her claim against the EEOC. She asserts in her brief on appeal that she eventually served the EEOC; therefore, she argues, her failure to meet the deadline for service of process should not be cause for dismissal. Under Federal Rule of Civil Procedure 4(i)(1) and (2), Eiler had to deliver process to three different offices by the court-ordered deadline of October 20: the EEOC's office, the United States Attorney

in Chicago, and the Attorney General of the United States. She explains that she delivered process to the EEOC's office before October 20, but she concedes that she was eleven days late in serving the other two offices. A district court does not abuse its discretion by enforcing a service-of-process deadline if the plaintiff offers no valid excuse for non-compliance with the deadline. *Cardenas v. City of Chicago*, 646 F.3d 1001, 1007 (7th Cir. 2011). And Eiler offers none. She says only that she *attempted* service in April 2016 when she asked the EEOC to waive formal service. But she admits that a year later she was still "waiting on a signed waiver of service of summons that never came." Attempted service (including a hope that the defendant will waive service) is not actual service of process. *Williams v. Illinois*, 737 F.3d 473, 475–76 (7th Cir. 2013). After already granting one extension of time to serve and receiving no valid reason for another, the district court reasonably dismissed the claim against the EEOC for lack of proper service. *See Cardenas*, 646 F.3d at 1007.

In any event, Eiler's suit against the EEOC fails on the merits. The ADA—the only statute that she invokes on appeal—prohibits employers from discriminating against job applicants and employees. 42 U.S.C. § 12112(a). But Eiler did not allege that she applied for a job at the EEOC or had an existing employment relationship with the agency. Therefore, she did not state a claim that the EEOC violated the employment provisions of the ADA. *See id.; Clackamas Gastroenterology Assocs., P. C. v. Wells*, 538 U.S. 440, 449–51 (2003). And to the extent that Eiler is suing the EEOC for failing to process her charge satisfactorily, the law provides no private right to sue over such an alleged injury. *See Jordan v. Summers*, 205 F.3d 337, 342 (7th Cir. 2000).

That brings us to the dismissal of Eiler's claim against the Center for lack of personal jurisdiction. Eiler invokes the Illinois Long Arm Statute, which permits the exercise of personal jurisdiction if it is allowed under the Illinois and United States Constitutions. 735 ILCS 5/2-209(c). There is "no operative difference" between the two constitutional limits. *Mobile Anesthesiologists Chicago, LLC, v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010). For purposes of personal jurisdiction, Eiler must show that the Center has enough "minimum contacts" with Illinois "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

Eiler argues that two "contacts" establish personal jurisdiction over the Center within Illinois, but neither one is availing. First, she observes that she is a resident of Illinois; she argues that because the Center had contact with her, she thus established

the Center's minimum contacts with Illinois. But a "plaintiff's mere residence in the forum state" does not give a court personal jurisdiction over an out-of-state defendant. *Mobile Anesthesiologists*, 623 F.3d at 447. The "defendant himself" must initiate contacts with the forum state. *Walden v. Fiore*, 571 U.S. 277, 284 (2014). And Eiler has not shown that the Center initiated any contacts with her; rather *she* contacted the Center. Second, Eiler points to the EEOC, which has an office in Chicago. But again *she,* not the Center, contacted the EEOC. When the only link a defendant has to the forum state is a plaintiff who sought out the defendant, personal jurisdiction does not exist. *See id; Brook v. McCormley*, 873 F.3d 549, 553 (7th Cir. 2017).

We have considered Eiler's other contentions, and none has merit.

The judgment of the district court is AFFIRMED.