**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 17, 2018[*]
Decided October 22, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

No. 17-2871

| | |
|---|---|
| MICHELLE M. BUERGER, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 17-CV-836 |
| | |
| EDWARD D. ELLIS, | Lynn Adelman, |
| *Defendant-Appellee*. | *Judge*. |

**O R D E R**

Michelle Buerger, a Wisconsin citizen, lost full custody of her daughter at a custody-modification hearing in Texas. She twice brought malpractice suits in Wisconsin federal court (based on diversity jurisdiction) against Edward Ellis, her Texas-based attorney in the custody proceeding. The district court dismissed the second malpractice suit, finding—as it had in the first—that Ellis did not have sufficient contacts with Wisconsin to establish personal jurisdiction. Buerger appeals the second dismissal, and we affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Buerger had full custody over her daughter under a Wisconsin custody order. The child's father, who lived in Texas, had visiting rights. Buerger occasionally brought her daughter to Texas to see her father.

On the last visit, the child's father served Buerger with notice that he was suing her in Texas state court to modify the Wisconsin custody order. Buerger hired Ellis, a Texas attorney, to represent her. In June 2013, the Texas court modified the Wisconsin custody order: the court granted equal custody to Buerger and the child's father; eliminated child-support payments to Buerger; and ordered Buerger to move to Texas to facilitate the custody arrangement.

Buerger brought her first suit against Ellis for malpractice in the Eastern District of Wisconsin in June 2016, within Wisconsin's then-six-year statute of limitations, WIS. STAT. § 893.53 (2015-2016) (amended 2018).[1] Magistrate Judge Jones, presiding with the parties' consent, dismissed the complaint without prejudice for lack of personal jurisdiction; the court explained that Wisconsin's long-arm statute did not reach Ellis because he had visited Wisconsin only once, long before the custody case, and he had no other contacts with the state. Moreover, not only did Wisconsin lack a significant interest in adjudicating a dispute about alleged legal malpractice that occurred in Texas, but the Texas courts could adjudicate it "more efficient[ly]."

Buerger returned to the Eastern District of Wisconsin six months later with another complaint, and Magistrate Judge Joseph recommended dismissal because the complaint alleged no new facts showing that Ellis had contacts with Wisconsin. Buerger filed an objection, asking that the district court transfer her case to the Eastern District of Texas, see 28 U.S.C §§ 1404(a) (venue transfer for convenience of parties), 1406(a) (transfer to cure defect), 1631 (transfer to cure lack of jurisdiction), where personal jurisdiction over Ellis could be established based on his Texas ties.[2] District Judge Adelman adopted Magistrate Judge Joseph's recommendation and declined to transfer the case: Buerger's "initial mistake about the appropriate court in which to bring the case … was … understandable," he said, but "repeating it … was not" because Magistrate Judge Jones had "explained to her in detail (in the first dismissal order) why she could not bring her suit here."

---

[1] The Wisconsin legislature reduced the limitations period to three years, effective April of 2018. See 2017-2018 Wis. Legis. Serv. Act 235 (West).

[2] Buerger foregoes reliance on 28 U.S.C § 1631 on appeal. See Appellant's Br. at 35.

On appeal, Buerger challenges the conclusion that Ellis lacked minimum contacts with Wisconsin. She argues that his representation of her—a Wisconsin citizen—was, in itself, a contact with Wisconsin sufficient to confer personal jurisdiction over him.

But Buerger misapprehends the nature of the minimum contacts test. It is true that specific jurisdiction exists when a "defendant's suit-related conduct … create[s] a substantial connection with the forum State," *Walden v. Fiore*, 571 U.S. 277, 284 (2014), but the minimum contacts necessary to establish jurisdiction in the forum state must arise from the defendant's connections with the forum and may not be satisfied by mere "contacts with persons who reside there," *id.* at 285; see also *Brook v. McCormley*, 873 F.3d 549, 552–53 (7th Cir. 2017). Ellis's relationship with Buerger, a Wisconsin citizen, is the only meaningful contact that Buerger has alleged that Ellis has with the forum. His only other contact with Wisconsin—a visit long before representing Buerger—did not relate to the custody dispute.

Buerger also contests the district judge's denial of her transfer request (made in her objections to the magistrate judge's report and recommendation) and asserts that the "interest of justice" weighed in favor of a transfer. See 28 U.S.C. §§ 1404(a), 1406(a). She maintains that she acted in good faith when she re-filed in Wisconsin, that requiring her to initiate a new case in Texas would be inefficient, and that she has no avenue for relief without a transfer because Texas's two-year statute of limitation already has run. See TEX. CIV. PRAC. & REM. CODE § 16.003 (2017).

A district court may transfer a civil action to any district where it might have been brought if it is in the interest of justice. 28 U.S.C. §§ 1404(a), 1406(a). District courts have broad discretion under section 1404(a) and section 1406(a), and must consider factors such as docket congestion, each court's relative familiarity with the relevant law, the respective desirability of resolving controversies in each district, and the relationship of each community to the controversy. *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (citing cases); see also *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986) ("In passing on a motion for transfer, the district judge must consider the statutory factors in light of all the circumstances of the case."); *Coté v. Wadel*, 796 F.2d. 981, 985 (7th Cir. 1986).   The district court took all of this into account, and we see no reason to disturb its judgment.

AFFIRMED