NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 11, 2020[*]
Decided May 11, 2020

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 19-2936

| | |
|---|---|
| PATRICIA A. WADE, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:16-cv-002256-TWP-MJD |
| TRUSTEES OF INDIANA UNIVERSITY, *et al*., | Tanya Walton Pratt, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Patricia Wade appeals the denial of her postjudgment motion to reopen her suit against her former employer for discrimination and denial of due process. We affirm.

Wade sued the Trustees of Indiana University, contending that the University fired her because of her age, sex, and race, and in retaliation for complaining about age discrimination. See 29 U.S.C. § 621 (Age Discrimination in Employment Act); 42 U.S.C.

---

[*] Defendants are not participating in this appeal. We have agreed to decide the case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See FED. R. APP. P. 34(a)(2)(C).

§§ 1981 (Civil Rights Act of 1866), 1983 (Civil Rights Act of 1871), and 2000e-2 (Title VII). She further asserted that the University violated her right to due process under the Fourteenth Amendment by failing to follow its normal disciplinary procedures. The district court entered summary judgment for defendants, concluding that Wade failed to administratively exhaust her Title VII claims and that for the remaining claims, defendants were immune from money damages under the Eleventh Amendment. (By this reasoning, the court could have also entered judgment on Wade's § 1983 claims on the grounds that the state is not a "person" who can be sued under the statue. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66–70 (1989)). The court continued that Wade's discrimination claims all failed because she lacked any evidence rebutting the University's explanation that it fired her for poor work performance, and her due process claim failed because she lacked a protected property interest in her employment at the University.

In lieu of an appeal, Wade, 31 days later, filed a postjudgment motion asking the court to reopen the case and vacate judgment on her age-discrimination and retaliation claims. She proffered a new theory for why defendants had waived sovereign immunity, asserted that defendants had perjured themselves during discovery, and repeated arguments that she had previously made in opposition to defendants' motion for summary judgment. The court denied the motion, explaining that it was too late for Wade to raise new legal theories, that there was no evidence of perjury, and that she had not pointed to any error of law or fact in the court's prior order.

Wade then appealed, but her notice of appeal was not timely as to the district court's entry of judgment, so we limited her appeal to only the order denying her postjudgment motion. See FED. R. APP. P. 4(a)(1). Because she filed her motion beyond the 28 days provided by Rule 59(e), we explained that the motion would be treated as one under Rule 60(b) for relief from judgment. See *Williams v. Illinois*, 737 F.3d 473, 475 (7th Cir. 2013). The practical effect is that Wade now faces an uphill battle: Relief is available under Rule 60(b) only when the moving party shows grounds such as fraud or misconduct by the opposing party, or some other exceptional circumstance that justifies this extraordinary remedy. FED. R. CIV. P. 60(b). Accordingly, we give district courts "great latitude" in denying Rule 60(b) motions. *Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 667 (7th Cir. 2014) (quoting *Bakery Machinery & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009)).

Wade now contends that her motion fell under either Rule 60(b)(3)'s provision allowing relief for fraud or misconduct or Rule 60(b)(6)'s catch-all provision covering

"any other reason that justifies relief." In her view, defendants committed fraud when they submitted falsified affidavits disparaging her work performance. She maintains that the district court wrongly credited those affidavits over her own evidence, which she believes sufficed to create material issues of fact.

None of Wade's contentions persuades us that the district court abused its discretion in denying her motion. Wade offers no evidence of fraud, much less the clear and convincing evidence that Rule 60(b)(3) requires. See *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010). And an argument that the court misinterpreted the evidence cannot be "shoe-horned" into grounds for relief under Rule 60(b). *Kennedy v. Schneider Elec.*, 893 F.3d 414, 420 (7th Cir. 2018) (quoting *Cash v. Illinois Div. of Mental Health*, 209 F.3d 695, 698 (7th Cir. 2000)). Had she timely appealed the underlying judgment, she could have challenged the district court's handling of the affidavits. But she may not use Rule 60(b) as a substitute for a direct appeal. See *Banks*, 750 F.3d at 667 (collecting cases).

AFFIRMED