NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 20 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHERWIN A. BROOK, an Illinois resident, as Trustee of the David North II Trust, successor to the assets of Cortina Financial, Inc., | No. 19-17289 |
| | D.C. No. 2:18-cv-01530-JAS |
| Plaintiff-Appellant, | MEMORANDUM* |
| v. | |
| J. LAWRENCE MCCORMLEY, an Arizona resident; TIFFANY & BOSCO, PA, an Arizona professional corporation, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Submitted November 16, 2020**
Phoenix, Arizona

Before: BYBEE, MURGUIA, and BADE, Circuit Judges.

Plaintiff-Appellant Sherwin A. Brook (Brook) appeals the dismissal of his

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

diversity action alleging legal malpractice, breach of fiduciary duty, and breach of contract by Defendants-Appellees J. Lawrence McCormley (McCormley) and Tiffany & Bosco, P.A. (T&B) (collectively, Defendants). The district court dismissed Brook's complaint for lack of subject matter jurisdiction. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the grant of the motion to dismiss, *Bishop Paiute Tribe v. Inyo Cnty.*, 863 F.3d 1144, 1151 (9th Cir. 2017) (citation omitted), and we affirm.

Brook is an Illinois resident and trustee of the David North II Trust, which is the successor to the assets of Cortina Financial, Inc. (Cortina)—a dissolved Arizona corporation. McCormley, an Arizona resident and an attorney at Arizona law firm T&B, previously represented Cortina in litigation concerning real property owned by Cortina in Arizona. Based on a magistrate judge's Report and Recommendation, the district court held that Cortina was the real party in interest and must be named as plaintiff. Because doing so would destroy complete diversity between the parties, the district court dismissed Brook's action without prejudice.

Brook argues that the district court abused its discretion by failing to conduct a de novo review of his objections to the Report and Recommendation. He contends that the district court "summarily denied all of [his] timely objections, without discussion," and asserts that the district court "stopped reading beyond

2

page 10." These arguments lack support. The district court conducted a de novo review of Brook's objections in accordance with 28 U.S.C. § 636(b)(1)(C), after expressly setting forth the standard of review in footnote one of its order. Although Brook points to the order's comment that "Plaintiff does not present any meritorious argument for the Court to consider, especially not in the first ten pages of the objection" as an indication that the district court only read the first ten pages of his oversized brief, this comment instead confirms that the court reviewed all of Brook's objections—beyond the first ten pages—and found that they lacked merit. The district court's apparent frustration with Brook's refusal to adhere to page limitations does not mean that the court failed its obligation to conduct the required review—a review that it said it conducted.

Where, as here, the district court's order adopting the magistrate judge's Report and Recommendation explicitly notes that it "has made a de novo determination," this circuit has found "no reason to question the de novo review." *Wang v. Masaitis*, 416 F.3d 992, 1000 (9th Cir. 2005). As 28 U.S.C. § 636(b)(1)(C) provides "for a 'de novo determination' rather than de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980) (citation omitted). We have no reason to question the district court's

reliance on the magistrate judge's findings and recommendations, especially considering the district court's order contains sufficient language confirming that it met its de novo review obligation.

Brook relies on *United States v. Howell*, 231 F.3d 615 (9th Cir. 2000), to argue that the district court "failed to exercise *any* discretion in deciding whether to consider Brook's motion for certification to the Arizona Supreme Court." In *Howell*, this Court concluded that "a district court *has discretion, but is not required*, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." *Id*. at 621 (emphasis added).

Here, the district court made clear that it was exercising its discretion to not address Brook's new arguments. After acknowledging that Brook moved for certification to the Arizona Supreme Court, the district court indicated that Brook's "novel arguments" "should have been presented to the Magistrate." The district court did not want to "provide [Brook] a second bite at the apple," and noted that Brook gave "no explanation as to why [he] could not bring all arguments before the Magistrate." *See Greenhow v. Sec'y of Health & Hum. Servs.*, 863 F.2d 633, 638 (9th Cir. 1988), *overruled on other grounds*, *United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992) ("[T]he Magistrates Act was [not] intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court."). As a result, the district court concluded that it

4

would "not consider the novel arguments put forth by Plaintiff." This was not an abuse of discretion.

Brook next contends that the district court erred in adopting the magistrate judge's recommendation to dismiss Brook's case because Defendants were collaterally estopped from relitigating subject-matter jurisdiction as Brook's status as the real party in interest under Federal Rule of Civil Procedure 17(a) was "necessarily determined" in prior litigation in the Northern District of Illinois. But that court dismissed Brook's suit for lack of personal jurisdiction over Defendants without reaching whether there was complete diversity between the parties and without examining whether Brook or Cortina was the real party in interest. The Seventh Circuit affirmed and did not discuss the diversity of the parties. *See Brook v. McCormley*, 873 F.3d 549, 553 (7th Cir. 2017). Because whether Cortina was the real party in interest required to bring suit under Rule 17(a) was never "actually litigated and decided," collateral estoppel did not apply to bar Defendants' contention that the required joinder of Cortina, the real party in interest, destroys complete diversity. *Janjua v. Neufeld*, 933 F.3d 1061, 1065–66 (9th Cir. 2019).

Brook also contends that the district court erred in adopting the magistrate judge's finding that Cortina was the real party in interest, arguing that he may bring suit asserting Cortina's claims without any assignment pursuant to Ariz. Rev. Stat. § 10-1405 and Arizona appellate decisions interpreting that statute. But under

Arizona law, a "dissolved corporation continues its corporate existence," *id.* § 10-1405(A), and retains the ability to commence a lawsuit in its corporate name, *id.* § 10-1405(B)(5). Although Brook contends that section 10-1405(B)(5) permits him to sue on Cortina's claims without an assignment, section 10-1405 expressly addresses the "[e]ffect of dissolution" of a corporation, and its plain language indicates that dissolution does not modify any of the rights attendant to corporations, officers, directors or shareholders—as set forth in other statutes—to bring suit or be sued. *See, e.g.*, Ariz .Rev. Stat. § 10-302(1) (authorizing corporation to bring suit "in its corporate name"); Ariz. Rev. Stat. §§ 10-740 to 10-747 (addressing when shareholders may bring derivative actions); Ariz. Rev. Stat. § 10-846 (addressing suits against officers and directors).

Brook's citations to *Coleman v. New York Merchs. Protective Co., Inc.*, No. 1-CACV 09-0411, 2010 WL 2602051 (Ariz. Ct. App. June 29, 2010), *Norton v. Steinfeld*, 288 P. 3 (Ariz. 1930), *Thomas v. Harper*, 481 P.2d 510 (Ariz. Ct. App. 1971) (per curiam), and *North v. City of Bullhead (In re North)*, No: 2:03-bk-15266-RJH (Bankr. D. Ariz. March 28, 2007), are similarly inapposite. Not only is *Coleman* an unpublished, non-citable decision under Ariz. R. Sup. Ct. 111(c), but the court there did not decide whether the plaintiff's administratively-dissolved company was a necessary party, determining only that the plaintiff—an individual doing business as that company—had capacity to sue and was the real party in

interest. *Coleman*, 2010 WL 2602051, at *4. And, unlike the individual plaintiff in *Coleman*, Brook is not asserting his own claim, but, rather, is attempting to assert a claim that belongs solely to a dissolved corporation. *Id.*

In contrast to *Norton* and *Thomas*, which were decided under now outdated Arizona statutes and common law rules providing that a corporation's property passed to its stockholders upon dissolution subject to payment of the corporation's debts, *Norton*, 288 P. at 6; *Thomas*, 481 P.2d at 511, current Arizona law provides that the corporation retains ownership over its property after dissolution. *See* Ariz. Rev. Stat. § 10-1405(B)(1) ("Dissolution of a corporation does not . . . [t]ransfer title to the corporation's property."). Brook's citation to *In re North* is similarly unhelpful to his argument, as the bankruptcy court there plainly concluded that "ownership of a corporation's assets does not automatically transfer to the shareholders upon dissolution, both under current Arizona statutes and those in effect in 1993."

The magistrate judge also properly concluded that Cortina was the real party in interest under Rule 17(a) because Cortina was the client to which Defendants owed a fiduciary duty relating to the litigation concerning Cortina's ground lease. The March 2013 letter of engagement indicating that Defendants were to investigate claims specifically "relating to a lease of real property . . . by and between Cortina Financial, Inc., as lessor and Susan Landon Harris as lessee"

7

provides a signature block for "Cortina Financial, Inc." as client—not Brook. A February 2014 letter from Defendants discusses the risks "if Cortina is not the prevailing party in the litigation," and the May 2014 engagement letter expanding the scope of Defendants' services to include the initiation of a trustee's sale pursuant to the deed of trust (under which Cortina is the beneficiary), contains a signature block for "Cortina Financial, Inc." and is signed by Brook as Cortina's "Sec Treasurer." In addition, Cortina originally brought suit in the Northern District of Illinois and Brook only substituted in as plaintiff after questions regarding diversity were raised. Thus, these facts establish that Brook's insistence that T&B "was representing him as trustee of the Trust that was Cortina's sole shareholder" lacks merit.

Brook next contends that the district court erred in concluding that the malpractice claims are not assignable under Arizona law. The Arizona Court of Appeals has held that "[m]alpractice claims are regarded as personal injury claims, and personal injury claims are not assignable in Arizona." *Botma v. Huser*, 39 P.3d 538, 541 (Ariz. Ct. App. 2002).[1] "Decisions by the state courts of appeals

---

[1] In any event, Brook did not produce any documentation demonstrating that he is an assignee of Cortina's legal malpractice claims. Because Arizona law precludes assignment of legal malpractice claims, *Botma*, 39 P.3d at 541–43, Brook's arguments that he should have been allowed to obtain assignment of Cortina's claims or demonstrate that Cortina ratified his suit under Rule 17(a)(3) also lack merit.

provide guidance and instruction and are not to be disregarded in the absence of convincing indications that the state supreme court would hold otherwise." *Burns v. Int'l Ins. Co.*, 929 F.2d 1422, 1424 (9th Cir. 1991).

The district court properly exercised its discretion in declining to consider whether Illinois law should apply to resolve the issue of assignability of the legal malpractice claims, and whether the magistrate judge erred in failing to make any determination as to whether Arizona or Illinois law applies, because Brook failed to raise them before the magistrate judge. *Howell*, 231 F.3d at 621.

Because we affirm the dismissal for lack of subject-matter jurisdiction, we do not consider whether Brook's attempt to pursue Cortina's claims violates the federal anti-collusion statute, 28 U.S.C. § 1359.

We deny Brook's request that this court certify two questions concerning section 10-1405(B)(5) and the assignment of legal malpractice claims to the Arizona Supreme Court. By statute, certification is authorized where "it appears to the certifying court there is no controlling precedent in the decisions of the supreme court *and the intermediate appellate courts of this state*." Ariz. Rev. Stat. § 12-1861 (emphasis added). But where the existing state appellate court decisions provide adequate guidance, certification is unnecessary. *See Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 884 (9th Cir. 2011); *Louie v. United States*, 776 F.2d 819, 823–24 (9th Cir. 1985). Here, neither the disputed statutory language (Ariz.

9

Rev. Stat. § 10-1405(B)(5)) nor the doctrine prohibiting assignment of legal malpractice claims is "too uncertain to be determined and applied by the federal court," *Louie*, 776 F.2d at 823, and there are state appellate court decisions directly on point resolving the issues.

**AFFIRMED.**